```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
UNITED STATES OF AMERICA            :    INFORMATION
                                    :
     - v. -                         :
                                    :
HUMAYUN JILANI,                     :
     a/k/a "Jilani Humayun,"        :    07 CRIM 1200
     a/k/a "Zack H.,"               :
     a/k/a "S. Humayun,"            :
                                    :
                    Defendant.      :
                                    :
------------------------------------x
```

COUNT ONE

(Conspiracy to Violate the Arms Export Control Act ("AECA") and Smuggle Goods From the United States)

The United States Attorney charges:

1. From at least in or about 2003, up to and including in or about July 2007, in the Southern District of New York and elsewhere, HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zack H.," a/k/a "S. Humayun," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 22, United States Code, Section 2778.

2. It was a part and an object of the conspiracy that HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zack H.," a/k/a "S. Humayun," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, would and did export, and cause to be exported, from the United States to overseas

locations, including Malaysia, defense articles listed on the United States Munitions List ("USML"), to wit, military aviation parts for, among other things, the F-14 military fighter jet, without having first obtained from the United States Department of State, Directorate of Defense Trade Controls ("DDTC"), a license, or other written authorization, for such export, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and regulations promulgated thereunder.

(Title 22, Code of Federal Regulations, Sections 120.6, 120.17, 120.20, 121.1 (category VIII), 123.1, and 127.1).

3. It was further a part and an object of the conspiracy that HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.," a/k/a "S. Humayun," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, would and did use export control documents, to wit, airway bills, containing false statements and misrepresenting and omitting material facts for the purpose of exporting defense articles and technical data listed on the USML, to wit, military aviation parts for, among other things, the F-14 military fighter jet, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and regulations promulgated thereunder.

(Title 22, Code of Federal Regulations, Sections 120.6, 120.17, 120.20, 121.1 (category VIII), 123.1, 127.1, and 127.2).

4. It was further a part and an object of the conspiracy that HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a

"Zach H.," a/k/a "S. Humayun," the defendant, and others known and unknown, unlawfully, fraudulently, and knowingly, would and did export, and cause to be exported, from the United States, merchandise, articles, and objects, and would and did receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale of merchandise, articles, and objects, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit, military aviation parts designated as defense articles listed on the USML, contrary to laws and regulations of the United States, to wit, Title 22, United States Code, Sections 2778(b)(2) and 2778(c) and regulations promulgated thereunder, in violation of Title 18, United States Code, Section 554.

(Title 18, United States Code, Section 554).

**Overt Acts**

5.  In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  On multiple occasions from in or about 2003 to July 2007, HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.," a/k/a "S. Humayun," the defendant, shipped military aviation parts designated as defense articles on the USML from the United States to Malaysia.

        b.    On airway bills associated with the above shipments, HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.," a/k/a "S. Humayun," the defendant, misrepresented the value of the content of those shipments.

        c.    On multiple occasions from in or about 2003 to in or about July 2007, a co-conspirator not named as a defendant herein ("CC-1"), arranged for the overseas wire transfer of moneys to bank accounts affiliated with HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.," a/k/a "S. Humayun," or his employers.

    (Title 18, United States Code, Section 371.)

## COUNT TWO

**(Conspiracy to Violate the International Emergency Economic Powers Act ("IEEPA"))**

The United States Attorney further charges:

6.    From at least in or about 2003, up to and including in or about July 2007, HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.," a/k/a "S. Humayun," the defendant, a United States person, and others, known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Section 1705(b) of Title 50, United States Code.

7.    It was a part and an object of the conspiracy that HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.," a/k/a

"S. Humayun," the defendant, a United States person, and others, known and unknown, would and did export, cause to be exported, sell, and supply, directly and indirectly, from the United States, goods, technology, and services, to wit, military aviation parts for, among other things, the F-14 military fighter jet, to customers located in Iran, without obtaining the required approval of the Office of Foreign Assets Control, within the United States Department of Treasury.

(Title 50, U.S.C. § 1701, et seq., 31 §§ 560.203, 560.204, 560.205, 560.206)

## Overt Acts

8.   In furtherance of the charged conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On multiple occasions from in or about 2003 to in or about July 2007, HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.," a/k/a "S. Humayun," the defendant exported aviation parts from the United States to Malaysia, knowing they were destined for Iran.

b.   On multiple occasions from in or about 2003 to in or about July 2007, CC-1 arranged for the overseas wire transfers of moneys to bank accounts affiliated with HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.," a/k/a "S. Humayun," the defedant.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATIONS

(As to Counts One and Two)

9.   As a result of committing one or more of the offenses alleged in Counts One and Two of this Indictment, HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.," a/k/a "S. Humayun," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One and Two of this Indictment, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offense.

### Substitute Assets Provision

10.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1)  cannot be located upon the exercise of due diligence;

    (2)  has been transferred or sold to, or deposited with, a third party;

    (3)  has been placed beyond the jurisdiction of the court;

    (4)  has been substantially diminished in value; or

    (5)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C.

§ 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

*/s/ Michael Garcia*
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v -

**HUMAYUN JILANI,
a/k/a "Jilani Humayun,"
a/k/a "Zack. H.,"
a/k/a "S. Humayun,"**

**Defendant.**

<u>**INFORMATION**</u>

07 Cr. __

(Title 18, United States Code,
Section 371)

<u>MICHAEL J. GARCIA</u>

United States Attorney.