UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
                                         :
UNITED STATES OF AMERICA                 :   **SUPERSEDING INFORMATION**
                                         :   **S1 07 Cr. 1200 (LTS)**
                                         :
    - v. -                               :
                                         :
HUMAYUN JILANI,                          :
    a/k/a "Jilani Humayun,"              :
    a/k/a "Zack H.,"                     :   USDC SDNY
    a/k/a "S. Humayun,"                  :   DOCUMENT
                                         :   ELECTRONICALLY FILED
        Defendant.                       :   DOC #: _____
                                         :   DATE FILED: JUN 19 2008
-----------------------------------------x

<u>COUNT ONE</u>

**(Conspiracy to Violate the Arms Export Control Act ("AECA") and
Smuggle Goods From the United States)**

The United States Attorney charges:

1.    From at least in or about 2000, up to and
including in or about July 2007, in the Southern District of New
York and elsewhere, HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a
"Zack H.," a/k/a "S. Humayun," the defendant, and others known
and unknown, unlawfully, willfully, and knowingly did combine,
conspire, confederate, and agree together and with each other to
commit offenses against the United States, to wit, to violate
Title 22, United States Code, Section 2778.

2.    It was a part and an object of the conspiracy that
HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zack H.," a/k/a
"S. Humayun," the defendant, and others known and unknown,
unlawfully, willfully, and knowingly, would and did export, and
cause to be exported, from the United States to overseas

locations, including Malaysia, defense articles listed on the
United States Munitions List ("USML"), to wit, military aviation
parts for, among other things, the F-14 military fighter jet,
without having first obtained from the United States Department
of State, Directorate of Defense Trade Controls ("DDTC"), a
license, or other written authorization, for such export, in
violation of Title 22, United States Code, Sections 2778(b)(2)
and 2778(c), and regulations promulgated thereunder.

(Title 22, Code of Federal Regulations, Sections 120.6, 120.17,
120.20, 121.1 (category VIII), 123.1, and 127.1).

      3.   It was further a part and an object of the
conspiracy that HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a
"Zach H.," a/k/a "S. Humayun," the defendant, and others known
and unknown, unlawfully, willfully, and knowingly, would and did
use export control documents, to wit, airway bills, containing
false statements and misrepresenting and omitting material facts
for the purpose of exporting defense articles and technical data
listed on the USML, to wit, military aviation parts for, among
other things, the F-14 military fighter jet, in violation of
Title 22, United States Code, Sections 2778(b)(2) and 2778(c),
and regulations promulgated thereunder.

(Title 22, Code of Federal Regulations, Sections 120.6, 120.17,
120.20, 121.1 (category VIII), 123.1, 127.1, and 127.2).

      4.   It was further a part and an object of the
conspiracy that HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a

2

"Zach H.," a/k/a "S. Humayun," the defendant, and others known and unknown, unlawfully, fraudulently, and knowingly, would and did export, and cause to be exported, from the United States, merchandise, articles, and objects, and would and did receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale of merchandise, articles, and objects, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit, military aviation parts designated as defense articles listed on the USML, contrary to laws and regulations of the United States, to wit, Title 22, United States Code, Sections 2778(b)(2) and 2778(c) and regulations promulgated thereunder, in violation of Title 18, United States Code, Section 554.

(Title 18, United States Code, Section 554).

<u>Overt Acts</u>

5.    In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    On multiple occasions from in or about 2000 to July 2007, HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.," a/k/a "S. Humayun," the defendant, shipped military aviation parts designated as defense articles on the USML from the United States to Malaysia.

b.    On airway bills associated with certain of the above shipments, HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.," a/k/a "S. Humayun," the defendant, misrepresented the value of the content of those shipments and indicated that no export license was required for those shipments.

c.    On multiple occasions from in or about 2000 to in or about July 2007, a co-conspirator not named as a defendant herein ("CC-1"), arranged for the overseas wire transfer of moneys to bank accounts affiliated with HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.," a/k/a "S. Humayun," and his employers.

(Title 18, United States Code, Section 371.)

## COUNT TWO

### (Conspiracy to Violate the International Emergency Economic Powers Act ("IEEPA"))

The United States Attorney further charges:

6.    From at least in or about 2001, up to and including in or about July 2007, HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.," a/k/a "S. Humayun," the defendant, a United States person, and others, known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Section 1705(b) of Title 50, United States Code.

4

7.    It was a part and an object of the conspiracy that
HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.," a/k/a
"S. Humayun," the defendant, a United States person, and others,
known and unknown, would and did export, cause to be exported,
sell, and supply, directly and indirectly, from the United
States, goods, technology, and services, to wit, civilian and
military aviation parts for, among other things, the F-14
military fighter jet, to customers located in Iran, without
obtaining the required approval of the Office of Foreign Assets
Control, within the United States Department of Treasury.

(Title 31, Code of Federal Regulations, Sections 560.203,
560.204, 560.205, 560.206.)

Overt Acts

8.    In furtherance of the charged conspiracy and to
effect the illegal object thereof, the following overt acts,
among others, were committed in the Southern District of New York
and elsewhere:

a.    On multiple occasions from in or about 2001
to in or about July 2007, HUMAYUN JILANI, a/k/a "Jilani Humayun,"
a/k/a "Zach H.," a/k/a "S. Humayun," the defendant exported
civilian and military aviation parts, which are subject to the
Export Administration Regulations and the International
Trafficking Arms Regulations, from the United States to Malaysia,
knowing they were destined for Iran.

b.    On multiple occasions from in or about 2001
to in or about July 2007, CC-1 arranged for the overseas wire

5

transfers of moneys to bank accounts affiliated with HUMAYUN

JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.," a/k/a "S.

Humayun," the defendant, and his employers.

(Title 18, United States Code, Section 371.)

**COUNT THREE**

**(Conspiracy to Commit Money Laundering)**

The United States Attorney further charges:

9.    From at least in or about 2003 up to

and including in or about July 2007, in the Southern District of

New York and elsewhere, HUMAYUN JILANI, a/k/a "Jilani Humayun,"

a/k/a "Zach H.," a/k/a "S. Humayun," the defendant, and others

known and unknown, unlawfully, willfully, and knowingly did

combine, conspire, confederate, and agree together and with each

other to commit an offense against the United States, to wit, to

violate Title 18, United States Code, Sections 1956(a)(1)(A)(i)

and 1956(a)(2)(A).

10.    It was a part and an object of the conspiracy

that HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.,"

a/k/a "S. Humayun," the defendant, and others known and unknown,

in an offense involving and affecting interstate and foreign

commerce, knowing that the property involved in certain financial

transactions represented the proceeds of some form of unlawful

activity, unlawfully, willfully, and knowingly would and did

conduct and attempt to conduct such financial transactions, which

in fact involved the proceeds of specified unlawful activity, to

wit, illegal export of defense articles listed on the USML, in violation of Title 22, United States Code, Section 2778 and regulations promulgated thereunder, and illegal export of civilian and military aircraft parts to Iran, in violation of Title 50, United States Code, Section 1705 and regulations promulgated thereunder, with the intent to promote the carrying on of specified unlawful activity, in violation of Section 1956(a)(1)(A)(i) of Title 18, United States Code.

11.   It was further a part and an object of the conspiracy that CC-1, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, did transport, transmit, and transfer, and cause to be transported, transmitted, and transferred, a monetary instrument or funds to a place in the United States from or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, illegal export of defense articles listed on the USML, in violation of Title 22, United States Code, Section 2778 and regulations promulgated thereunder, and illegal export of civilian and military aircraft parts to Iran, in violation of Title 50, United States Code, Section 1705 and regulations promulgated thereunder, in violation of Section 1956(a)(2)(A) of Title 18, United States Code.

(Title 18, United States Code, Section 1956(h).)

FORFEITURE ALLEGATIONS

(As to Counts One and Two)

12.   As a result of committing one or more of the

7

offenses alleged in Counts One and Two of this Information,
HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.," a/k/a
"S. Humayun," the defendant, shall forfeit to the United States,
pursuant to Title 18, United States Code, Section 981(a)(1)(C)
and Title 28, United States Code, Section 2461, all property,
real and personal, that constitutes or is derived from proceeds
traceable to the commission of the offenses alleged in Counts One
and Two of this Information, including but not limited to a sum
of money representing the amount of proceeds obtained as a result
of the offense.

Substitute Assets Provision

13.  If any of the above-described forfeitable
property, as a result of any act or omission of the defendant:

> (1)  cannot be located upon the exercise of due
>      diligence;
>
> (2)  has been transferred or sold to, or deposited
>      with, a third party;
>
> (3)  has been placed beyond the jurisdiction of
>      the court;
>
> (4)  has been substantially diminished in value;
>      or
>
> (5)  has been commingled with other property which
>      cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,
United States Code, Section 853(p), to seek forfeiture of any
other property of said defendant up to the value of the above

8

forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

FORFEITURE ALLEGATION

(As to Count Three)

14.    As a result of committing the money laundering offense alleged in Count Three of this Information, HUMAYUN JILANI, a/k/a "Jilani Humayun," a/k/a "Zach H.," a/k/a "S. Humayun," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property, including but not limited to, a sum of money representing the amount of property that was involved in the money laundering offense or is traceable to such property.

Substitute Assets Provision

15.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (1)   cannot be located upon the exercise of due diligence;

      (2)   has been transferred or sold to, or deposited with, a third party;

      (3)   has been placed beyond the jurisdiction of the court;

      (4)   has been substantially diminished in value; or

      (5)   has been commingled with other property which cannot be subdivided without difficulty;

9

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1956.)

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v -

**HUMAYUN JILANI,
a/k/a "Jilani Humayun,"
a/k/a "Zack. H.,"
a/k/a "S. Humayun,"**

**Defendant.**

**SUPERSEDING INFORMATION**

S1 07 Cr. 1200 (LTS)

(Title 18, United States Code,
Sections 371, 1956)

MICHAEL J. GARCIA

United States Attorney.